**United States Bankruptcy Court**
**Western District of Oklahoma**

In re:  STACY TOMPKINS TRENARY        )     CASE NO. 10-14746 NLJ
        Debtors.                                     )     CHAPTER 13

### Chapter 13 Plan

**Payments to Trustee from the debtor(s):**

1. The debtor(s) shall pay to the Trustee the sum of **$1494.00 per month for 60 months** through employer wage deduction unless the debtor(s) indicate an intention to pay direct so long as the debtor(s) remain current on plan payments. The debtor(s) will pay by **DIRECT PAYMENT.**
2. Unless this plan is confirmed as a 36 month plan guaranteeing a 100% dividend to unsecured creditors, the debtor(s) will additionally turn over to the Trustee all tax refunds, bonuses, unused vacation pay and any other irregular or incidental disposable income received during the term of the Plan to be distributed in accordance with guidelines established by the Court. These amounts will be applied to the existing plan base; however, to the extent applying these additional amounts to the existing base would reduce the plan length to less than 36 months, the plan base will be increased. Federal earned income credit portions of tax refunds will be returned to the debtor(s) if a timely request for such relief is received prior to disbursement of the funds to creditors.
3. The debtor(s) will additionally turn over to the Trustee the nonexempt portion of the proceeds of any lawsuit, inheritance or any other windfall in a amount in excess of $500. The plan base shall be increased by the amount received as a result of the lawsuit, inheritance or other windfall.

**From payments received under the plan, the Trustee shall make the following disbursements:**
1. To the Trustee, administrative expenses to be paid in full pursuant to 11 U.S.C. §1326 and 28 U.S.C. §586.
2. To Ginger D. Goddard, the debtor(s)' attorney, the sum of $1750 to be paid at the rate of $118 per month until paid in full.
3. To secured creditors, deferred payments as follows:
    a. Holders of long term debts pursuant to 11 U.S.C. §1322(b)(5) will be paid as follows:

| Creditor/Collateral | Preconfirmation & mo. Payment | Arrearage Amt. | Interest on Arrearage | Pmt on Arrearage |
|---|---|---|---|---|
| Citimortgage/Homestead | $1225.44 pmt for 60 months | $5323.37 | 0% | pro rata |

Confirmation of the plan shall impose a duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and deeds of trust on residential real property to: (a) Apply the payments received from the trustee on the pre-petition arrearages, if any, and only to such arrearages; (b) Deem the pre-petition arrearages as contractually cured upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the pre-petition default or defaults; (c) Apply the direct post-petition mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were designated to be made under the plan or directly by the debtor(s), whether or not such payments are immediately applied to the loan or placed into some type of suspense, forbearance or similar account; (d) Notify the trustee, the debtor(s) and the attorney for the debtor(s) in writing of any changes in the interest rate for non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments; (e) Notify the trustee, the debtor(s) and attorney for the debtor(s) in writing of any change in the property taxes and/or the property insurance that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments; (f) Refrain from directly paying or attempting to pay any pre-petition tax obligation that the debtor(s) have included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing to the debtor(s), the trustee and the attorney for the debtor(s);(g) Refrain from ever assessing, charging, imposing, advancing or billing any type of fees or charges (such as legal fees, broker price opinion fees, property inspection fees, property preservation fees, etc) to the mortgage loan of the debtor(s) either post-petition and pre-confirmation, either post-confirmation and pre-discharge, or post-discharge unless such fees or charges have been approved by the Bankruptcy Court upon the filing of a proper application for the approval of such fees and charges under Rule 2016(a) of the Rules of Bankruptcy Procedure and after adequate notice and hearing.

Violations of this Section. Any violation of this provision shall be deemed a willful violation of 11 U.S.C. Section 524(i) in the event that the mortgage loan or loans is not serviced in a manner strictly in compliance with this provision of the plan and to the extent the improper servicing results in improper fees and charges of more than $50.00. Application of Section 524(i) of the Bankruptcy Code. The debtor(s) further specifically invoke and intend for this plan provision to invoke and to reserve to the debtor(s) the provisions of 11 U.S.C. Section 524(i).

    b.    All other secured creditors will be paid the value of the creditor's collateral as referenced below, with interest in the amount stated below. To the extent the value exceeds the secured claim, only the claim amount, with interest as referenced below, shall be paid. Each secured creditor shall retain its lien until entry of an order granting discharge: NA.

4. To creditors entitled to priority status pursuant to 11 U.S.C. §507, deferred payments as listed below:
   a. Pre-petition and post-petition priority tax claims will be paid in full as filed unless disallowed or limited by separate Court order. Priority tax claims are estimated as follows: NA.
   b. Pre-petition priority child support and/or alimony claims will be paid in full as filed unless disallowed or limited by separate Court order. Priority child support and/or alimony claims are estimated as follows: **NA**.
   c. Other holders of priority claims specifically listed below will be paid as follows: **NA**.

5. To nonpriority unsecured creditors, as follows:
   a. Special nonpriority unsecured creditors will be paid as follows: **NA**.
   b. Except as specifically provided above, nonpriority unsecured creditors will be paid **zero** cents on the dollar with no interest.

**Other provisions of the Plan:**
1. Other provisions including payments to be made directly by the debtor(s), collateral to be surrendered and other conditions: **NA.**
2. If at any time during the case, an order terminating the automatic stay is entered, no further distributions will be made to the secured creditor obtaining stay relief until such time as the creditor files an amended claim reflecting any deficiency. Any allowed claim for a deficiency will be treated as a general unsecured claim.
3. All executory contracts are rejected, except such executory contracts assumed, as follows: **NA**.
4. Creditors not advising the Trustee of address changes may be deemed to have abandoned their claims.
5. If the Trustee identifies this case as a business case, the debtor(s) will provide the Trustee with such monthly reports as he requests on forms provided by the Trustee.
6. The Trustee will made no disbursements to any creditor until the creditor has filed a proper proof of claim and provided a file-stamped copy of the claim to the Trustee. In the case of a secured claim, the creditor must attach proper proof of perfection of its security interest as a condition of payment by the Trustee.
7. To the extent necessary to make the disbursements required under this Order, the plan term may be automatically extended to a term up to 60 months.
8. The debtor(s) will pay a minimum base amount of **$89,640.00** if confirmed as a base plan. If the plan is confirmed as a percentage plan, the debtor(s) will pay the greater of the stated percentage or base amount. This plan is proposed as a **zero percent** plan.
9. All property shall remain property of the estate and shall vest in the debtor(s) only upon dismissal, discharge, conversion or other specific order of the Court. The debtor(s) shall be responsible for the preservation and protection of all property of the estate not transferred to and in the actual possession of the Trustee.

DATED: 8-1-2010   Debtor: _____

ATTORNEY FOR DEBTOR: _____ GINGER D. GODDARD, OBA 3416, 224 W GRAY SUITE 202, NORMAN OK 73069, Telephone: (405) 329-5297.